UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON K. JOHNSON,

       Petitioner,

v.                                              Case No.  3:13cv353/LC/CJK

MICHAEL D. CREWS,

       Respondent.

_____/

<u>REPORT AND RECOMMENDATION</u>

      Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 6).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 23).  Petitioner opposes dismissal.  (Doc. 26).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On January 7, 2003, a Florida grand jury indicted petitioner in Santa Rosa County Circuit Court Case No. 03-CF-13, with the First Degree Felony Murder of petitioner's three-month old son.  (Doc. 23, Ex. C, p. 34).[1]  Petitioner proceeded to a jury trial and was found guilty as charged.  (Ex. J, p. 1140; Ex. L).  Immediately thereafter, petitioner was sentenced to life imprisonment without eligibility for parole.  (Ex. J, p. 1142).  The Florida First District Court of Appeal ("First DCA") affirmed the judgment on April 27, 2006.  *Johnson v. State*, 933 So. 2d 568 (Fla. 1st DCA 2006) (copy at Ex. T).  The mandate issued May 15, 2006.  (Ex. T).

On April 26, 2007, petitioner filed a *pro se* motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  (Ex. U).  By order rendered July 31, 2008, the state circuit court granted relief, striking discretionary fines and costs and ordering that petitioner appear for oral adjudication of guilt.  (Ex. V).  At proceedings held September 2, 2008, the circuit court orally announced adjudication of guilt, thereby concluding proceedings on petitioner's Rule 3.800(a) motion.  (Ex. W).

While the Rule 3.800(a) proceeding was pending, on May 12, 2008, petitioner, through counsel, filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Ex. X), accompanied by a motion for leave to supplement Ground 3 with a report of a retained medical expert, Peter Stephens, M.D.  (Ex. VV).  In ruling on a related motion of postconviction counsel, the state circuit court, by order rendered March 6, 2009, provided:  "After Dr. Stephens completes his review and provides his report to the Defendant's counsel, the Defendant shall have thirty

---

[1]All references to exhibits are to those provided at Doc. 23, unless otherwise noted.

(30) days to supplement his pending motion with Dr. Stephens' report." (Ex. WW). On June 8, 2010, petitioner's postconviction counsel filed an Amended Rule 3.850 motion which contained the same claims as the original, but enlarged Ground 3 to include a copy of Dr. Stephens' report. (Ex. Y). The Amended Rule 3.850 motion did not include an oath of petitioner, which counsel acknowledged. (Ex. Y, p. 1 n.1). Petitioner's postconviction counsel filed a Second Amended Rule 3.850 motion on June 23, 2010, which included petitioner's oath. (Ex. Z). On September 21, 2010, the state circuit court ruled that several grounds in the Second Amended Rule 3.850 motion were insufficiently pled, and struck the motion without prejudice to petitioner filing a facially sufficient amended motion within thirty days. (Ex. AA).

On October 15, 2010, petitioner's postconviction counsel filed a Third Amended Rule 3.850 motion which, again, did not include petitioner's oath. (Ex. BB). Petitioner's postconviction counsel filed a Fourth Amended Rule 3.850 motion on October 21, 2010, which included petitioner's oath. (Ex. CC). On July 28, 2011, the state circuit court struck the Fourth Amended Rule 3.850 motion for facial insufficiency with leave to amend within thirty days. (Ex. DD). The order provided petitioner the alternative of moving for a final order of disposition on the Fourth Amended Rule 3.850 motion. (*Id*.). On September 2, 2011, postconviction counsel filed a Motion for Clarification inquiring "as to why the Court believes that the motion is 'insufficient.'" (Ex. EE). The state court denied petitioner's motion by order rendered September 19, 2011. (Ex. FF). On October 14, 2011, petitioner's postconviction counsel filed a "Motion to Enter a Final Disposition on his Florida Rule of Criminal Procedure 3.850 Motion." (Ex. GG). On January 26, 2012, the state court rendered an order addressing and summarily denying each of the nine

grounds presented in petitioner's Fourth Amended Rule 3.850 motion.  (Ex. HH).
Petitioner's time to appeal expired on February 27, 2012.[2]  *See* Fla. R. App. P.
9.110(b) (providing 30 days in which to appeal a final order of a trial court); *accord*
Fla. R. Crim. P. 3.850(g).  Petitioner did not timely appeal.  (Ex. A).

On April 26, 2012, petitioner, through counsel, filed a petition for belated
postconviction appeal in the First DCA.  (Ex. II).  Petitioner's counsel asserted that
he did not learn of the circuit court's January 26, 2012 order until April 13, 2012, and
did not receive a copy of the order until April 17, 2012.  (Ex. II, App., Ufferman Aff.
at A-20).  The petition was unopposed and, on June 1, 2012, the First DCA granted
relief, directing that "[u]pon issuance of mandate in this cause, a copy of this opinion
shall be provided to the clerk of the circuit court for treatment as the notice of appeal.
Fla. R. App. P. 9.141(c)(5)(D)."  *Johnson v. State*, 87 So. 3d 1289 (Fla. 1st DCA
2012) (copy at Ex. JJ).  The mandate issued June 19, 2012.  (Ex. JJ).  The First DCA
per curiam affirmed the summary denial of postconviction relief on April 5, 2013,
without a written opinion.  *Johnson v. State*, 113 So. 3d 2 (Fla. 1st DCA 2013)
(Table) (copy at Ex. PP).  The mandate issued June 4, 2013.  (Ex. PP).

Petitioner filed his initial federal habeas petition in this court on June 6, 2013.
(Doc. 1).  Petitioner's amended petition was filed on June 28, 2013.  (Doc. 6).
Respondent asserts that the petition is untimely and should be dismissed.  (Doc. 23).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective
date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the
AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138

---

[2]February 25, 2012, was a Saturday.

L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Respondent asserts that the statute of limitations is measured from the trigger provided in § 2244(d)(1)(A) – the date on which petitioner's conviction became final. (Doc. 23, p. 9).  Petitioner agrees on this point (doc. 1, p. 13), and also concedes that he "has evaluated the State's calculation of the untolled time that has elapsed since his conviction became final and has found it to be correct (doc. 26, p. 1 ¶ 1). Petitioner opposes dismissal on the ground that he is entitled to equitable tolling from July 28, 2011, through the completion of his postconviction appeal, due to the state

circuit court's "arbitrary and capricious" processing of his Fourth Amended Rule 3.850 motion in violation of due process and his right of access to the courts.  (Doc. 26).[3]

The First DCA affirmed petitioner's judgment of conviction on April 27, 2006. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on July 26, 2006, when the ninety-day period for seeking certiorari from the Supreme Court expired.[4]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).  Petitioner had until July 26, 2007, in which to file his federal habeas petition, absent statutory or equitable tolling.

The parties agree and there is no dispute, that as of the filing of petitioner's Fourth Amended Rule 3.850 motion on October 21, 2010, (a motion which the parties agree was "properly filed" under § 2244(d)(2)), a total of 317 days of untolled time

---

[3]Petitioner asserts that the authority for equitable tolling is § 2244(d)(1)(B).  (Doc. 26, p. 2 ("The authority to find that a petitioner is entitled to equitable tolling is found in 28 U.S.C., Section 2244(d)(1)(B).")).  Section 2244(d)(1)(B) is not an equitable tolling provision, but a triggering provision – it sets the date when the limitations period begins to run.  *See Holland v. Florida,* 460 U.S. 631, 647, 130 S. Ct. 2549, 2561, 177 L. Ed. 2d 130 (2010) (describing the provisions of Section 2244(d)(1) as "provisions relating to the events that *trigger* [the statute of limitations'] running" and noting that there is a difference between the *accrual* of a claim and the *tolling* of the statute of limitations).  The authority for equitable tolling is the courts' traditional equitable authority.  *See Holland*, 560 U.S. at, 646, 130 S. Ct. at 2560-61.

[4]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

on the federal habeas limitations clock had run, and petitioner had 48 days remaining.[5]  (Doc. 23, pp. 15-16; Doc. 26, p. 1 ¶ 1, p. 4 ¶ 9 and p. 5 ¶ 11); *see also Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a motion that is rejected for facial insufficiency or lack of specificity is "properly filed for AEDPA tolling purposes.").  This is where the parties' agreement ends.  The parties' respective positions on the tolling of the limitations period <u>after</u> the filing of petitioner's Fourth Amended Rule 3.850 motion will be addressed in turn.

Respondent asserts that petitioner's Fourth Amended Rule 3.850 motion was "pending" for purposes of statutory tolling, only until July 28, 2011, when the state circuit court struck the motion without prejudice (with leave to amend) for facial insufficiency.  (Doc. 23, pp. 15-16).  The state court's order reads as follows:

> THIS MATTER is before the Court on Defendant's Fourth Amended Motion for Postconviction Relief, filed October 21, 2010. The Court finds the motion is insufficient and will be stricken with leave to amend.  *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007); *Nelson v. State*, 977 So. 2d 710, 711-712 (Fla. 1st DCA 2008).  Should he decline to amend, Defendant may move the Court to enter a final order of disposition on the motion.  *See* 977 So. 2d at 712.  Accordingly it is,
>
> ORDERED AND ADJUDGED Defendant's Fourth Amended Motion for Postconviction Relief is STRICKEN WITHOUT PREJUDICE to file an amended motion for relief within 30 days of the date of this order.  This order is a nonfinal, nonappealable order.

(Ex. DD).  Respondent asserts that as of July 28, 2011, petitioner's Fourth Amended Rule 3.850 motion was no longer pending and no longer tolled the limitations period

---

[5]In light of the parties' concession that 317 days of untolled time elapsed between the commencement of the federal habeas limitations period and the filing of petitioner's Fourth Amended Rule 3.850 motion, the court does not address the propriety of the parties' time calculations or determinations of statutory tolling for that period.

under § 2244(d)(2).  (Doc. 23, p. 16).  Respondent asserts that petitioner's "Motion for Clarification" filed on September 2, 2011, seeking clarification "as to why the Court believes that the motion is 'insufficient,'" (Ex. EE), also did not toll the limitations period because it did not challenge the propriety of petitioner's judgment and sentence in any manner, and thus was not "an application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).[6]  (Doc. 23, p. 17 n.7).  According to respondent, the statute of limitations expired 48 days after the July 28, 2011 order (365 - 317 = 48), which is September 14, 2011.  (*Id*., pp. 18-19).  Respondent asserts that any later-filed pleadings, including petitioner's "Motion to Enter a Final Disposition on his Florida Rule of Criminal Procedure 3.850 Motion" (Ex. GG), and petitioner's petition for belated postconviction appeal (Ex. II), did not toll the limitations period because no time remained to be tolled.  (Doc. 23, pp. 19, 22).

---

[6]The circuit court denied petitioner's Motion for Clarification by order rendered September 19, 2011, stating:

> Defendant seeks clarification of the Court's Order Striking Fourth Amended Motion for Postconviction Relief, served August 3, 2011, as to why the Court believes his motion for postconviction relief is insufficient.  To the extent Defendant is seeking rehearing of the order striking his postconviction motion, rehearing is unauthorized.  *See Quilling v. State*, 968 So. 2d 1034 (Fla. 5th DCA 2007).  Otherwise, the Court is not required "to provide legal guidance or 'suggestions' to help the defendant to file sufficient 'good faith' claims or explain why the claims are insufficient or how to cure the insufficiency."  *See Nelson v. State*, 977 So. 2d 710, 711 (Fla. 1st DCA 2008).
>
>             Accordingly, it is,
>             ORDERED AND ADJUDGED the Motion for Clarification is DENIED.
> This order is a nonfinal, nonappealable order.

(Ex. FF).

Petitioner asserts he is entitled to equitable tolling from July 28, 2011 (the date the circuit court struck his Fourth Amended Rule 3.850 motion) until June 4, 2013 (the date the mandate issued in his belated postconviction appeal), because the circuit court acted arbitrarily and capriciously in striking claims that were facially sufficient. (Doc. 26, pp. 5-7).  Petitioner argues:

> The State Circuit Court's unconstitutional denial of due process of law and/or denial of access to the court caused time to start running under the one year Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations when the Court issued its July 28, 2011, order striking petitioner's Fourth Amended 3.850 motion, and this constitutional violation caused time to run untolled until the statute of limitations expired on September 14, 2011.  If not for the State Circuit Court's unconstitutional denial of due process of law and/or access to the court, Petitioner's Amended Habeas Petition would have been timely, having been filed after only 358 untolled days had expired since Petitioner's conviction became final.  When the State Circuit Court received Petitioner's facially sufficient Fourth Amended 3.850 motion, time was tolled at 317 days.   Upon receiving Petitioner's Fourth Amended 3.850 motion ,the Court had two options:  (a) grant relief or (b) deny relief.  If the Court had granted relief, these habeas proceedings would not be necessary.  If the court denied relief, Petitioner would have timely appealed, and time would have remained tolled at 317 days. . . . Time would have remained tolled while Petitioner's appeal was pending before the First District Court of Appeal and would not have begun until after the appeal and rehearing were denied.

Doc. 26, pp. 8-9 (citations to record and legal authorities omitted) (footnote omitted).

The state court's striking of petitioner's Fourth Amended Rule 3.850 motion with leave to amend does not entitle petitioner to equitable tolling.[7]  The state court's

---

[7]The court does not address whether petitioner's Fourth Amended Rule 3.850 motion was "pending" for purposes of § 2244(d), and continued to statutorily toll the limitations period from July 28, 2011, until entry of the state court's final order on January 26, 2012, as petitioner's

processing of petitioner's Fourth Amended Rule 3.850 motion was fully consistent with Florida law – the procedures outlined in *Spera v. State*, 971 So. 2d 754 (Fla. 2007), and *Nelson v. State*, 977 So. 2d 710, 711-12 (Fla. 1st DCA 2008).  In *Nelson*, the First DCA described and further clarified the *Spera* procedure:

> The procedure articulated in *Spera* allows a defendant an opportunity to amend facially insufficient postconviction claims unless the claims cannot be corrected.  *See id.* at 755, 761; *see also Prevost v. State*, 972 So. 2d 274 (Fla. 1st DCA 2008) (holding that *Spera* allows the defendant one opportunity to cure the deficient claims within 30 days, and if no amendment is filed within the allowed time, claims may be denied with prejudice).  *Spera*'s procedure applies uniformly to all insufficiently pled postconviction claims whether determined to be legally or facially *insufficient*.  *Spera*, 971 So. 2d at 761.  The trial court has discretion in determining the length of the defendant's leave to amend and *Spera* suggested thirty days would be reasonable.  *Id*. Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, *Spera* does not mandate repeated opportunities. . . .

> Finally, based upon *Spera* and *Nelson v. State*, 875 So. 2d 579, 584 (Fla. 2004), once the window of opportunity to amend expires and the defendant is unable or unwilling to cure the deficiency, the insufficient claim may be denied with prejudice.

> The trial court, upon receipt of a rule 3.850 motion, but prior to ruling on the merits of the entire motion, should review the motion to determine whether any claims are facially or legally insufficient.  If any claims are insufficient, the trial court should strike the motion with leave to amend the insufficient claims unless the deficiencies cannot be cured. Should the defendant decline to amend, the defendant may move the trial court to enter a final order of disposition on the motion.

---

entitlement to statutory tolling is not in dispute.  (*See* Doc. 23, pp. 15-19; Doc. 26, p. 8 ¶ 16).

*Nelson*, 977 So. 2d at 711-12 (emphasis added).  Petitioner's argument is especially disingenuous, given that under the ruling he finds so offensive, he could have immediately moved the court for a final order of disposition on his motion <u>as pleaded</u> – an option the court expressly reminded him of.

Further, even if this court allowed petitioner tolling (statutory or equitable) from October 21, 2010 (the date petitioner's Fourth Amended Rule 3.850 motion was filed) until January 26, 2012 (the date the court's final order was rendered), petitioner's federal habeas petition would still be untimely.  Petitioner's time to appeal the circuit court's January 26, 2012 final order expired on February 27, 2012. Counting 48 days (the time remaining on the AEDPA statute of limitations) from February 27, 2012, petitioner had until April 16, 2012,[8] to file either his federal habeas petition or another tolling motion under §2244(d)(2).  Petitioner did not file his federal habeas petition within that time, and he had no properly filed state postconviction applications pending during that time.  Petitioner's petition for belated postconviction appeal filed on April 26, 2012, had no tolling effect on the AEDPA's statute of limitations (even though a belated appeal was later granted), because the petition was filed after the limitations period expired.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir.) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citing cases)), *cert. denied*, 133 S. Ct. 184 L. Ed. 2d 266 (2012); *see also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that state court's granting of petitioner's motion to file belated postconviction appeal, which was filed after the federal habeas limitations

---

[8]April 15, 2012, was a Sunday.

period expired, did not relate back so as to toll the idle period between expiration of the time to appeal and the grant of a late appeal); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner also argues a second basis for equitable tolling – that he is entitled to equitable tolling due to the state circuit court's failure to timely notify postconviction counsel of the disposition of petitioner's Fourth Amended Rule 3.850 Motion. (Doc. 26, pp. 8-9 n.5). In support of this argument, petitioner refers the court to his petition for belated postconviction appeal, including postconviction counsel's affidavit. (Doc. 26, pp. 8-9 n.5). The petition for belated appeal asserts the following facts:

> On Friday, April 13, 2012, the Petitioner's mother contacted undersigned counsel's office asking whether a notice of appeal had been filed in the Petitioner's case. An assistant from undersigned counsel's office responded that no notice of appeal had been filed because the trial court had not issued an order resolving the rule 3.850 motion. The Petitioner's mother proceeded to inform the assistant that she recently became aware that an order had, in fact, been issued. Further investigation by undersigned counsel's office (i.e., a review of the lower tribunal's online docket) revealed that an order denying the rule 3.850 motion had been signed on January 25, 2012. Undersigned counsel's assistant proceeded to call the lower tribunal clerk and request that a copy of the order be mailed to undersigned counsel.
>
> Undersigned counsel received a copy of the order in the mail on Tuesday, April 17, 2012. Although the January 25, 2012 order indicates that a copy of the order was mailed to undersigned counsel on January 26, 2012, undersigned counsel did not receive a copy of the order in the mail prior to April 17, 2012 (and undersigned counsel's affidavit to this

effect is included in the appendix to this petition).   Undersigned
counsel's office has a system for mail whereby the office manager
(Audra Hatchett) sends to all office employees at the end of each day an
email that lists *all* of the mail that was received by the office.
Undersigned counsel is including in the appendix to this petition Ms.
Hatchett's daily emails from January 27, 2012, through February 17,
2012.  A review of these emails demonstrates that undersigned counsel's
office did *not* receive the order denying the Petitioner's rule 3.850
motion.

(Doc. 23, Ex. II, pp. 2-3; *see also* Attach. Ufferman Aff.) (footnotes omitted).  The
court construes petitioner's argument as one that he is entitled to equitable tolling for
the period from February 27, 2012 (30 days after the state court denied petitioner's
Rule 3.850 motion), until April 13, 2012,the date postconviction counsel learned of
the circuit court's January 26, 2012 final order.

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1)
that he has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way and prevented timely filing" of his federal habeas
petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130
(2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269,
1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when
a movant untimely files because of extraordinary circumstances that are both beyond
his control and unavoidable even with diligence").   "The burden of proving
circumstances that justify the application of the equitable tolling doctrine rests
squarely on the petitioner."  *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.
2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).  The
petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at
1268, and must "show a causal connection between the alleged extraordinary

circumstances and the late filing of the federal habeas petition." *Id.* at 1267. "'A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case.'" *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (*quoting Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006)).

The fact that petitioner's postconviction counsel did not learn of the circuit court's January 26, 2012 final order until April 13, 2012, alone, is insufficient to justify equitable tolling. The record establishes that a copy of the January 26, 2012 final order was mailed <u>to petitioner personally</u>. (Doc. 23, Ex. HH, p. 19). Petitioner does not assert – or present any evidence (such as a mail log) to support a finding – that the state court did not timely notify <u>him</u> of the January 26, 2012 final order denying postconviction relief.[9] Thus, petitioner has not established that the state court's error "stood in his way and prevented timely filing." *Holland, supra*.

Petitioner also fails to establish the requisite diligence. Petitioner asserts that he was diligent in meeting every other deadline, so this court should assume he acted with diligence with regard to his postconviction appeal and that he would have met the appeal deadline but for the circuit court's error. (Doc. 26, pp. 8-9 n.5). It is petitioner's burden to affirmatively establish he acted with diligence. The record facts do not support a finding that petitioner was diligent with regard to his postconviction appeal. To the contrary, petitioner's waiting until after the appellate deadline passed before contacting (or having his mother contact) postconviction

---

[9]Petitioner submitted an affidavit in support of his petition for belated appeal. In that affidavit, petitioner did not assert that he did not timely receive a copy of the January 26, 2012 order. Petitioner merely attested to the fact that it had always been postconviction counsel's practice to contact petitioner after the trial court issued an order in his case, and that counsel had not contacted petitioner between the end of 2011 and April of 2012. (Doc. 23, Ex. II, p. 6).

counsel indicates a lack of diligence.  Finally, even absent petitioner's actual timely notice of the final order, petitioner fails to allege diligent effort by himself or postconviction counsel to ascertain the status of a ruling on petitioner's Rule 3.850 motion.  *See Drew v. Dep't of Corr.*, 297 at 1288 (stating that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order *and* if the delay prevented the inmate from filing a timely federal habeas corpus petition" (emphasis added)).

## CONCLUSION

In light of the parties' submissions and the record in this case, the court concludes that petitioner's federal habeas petition was filed outside the AEDPA's one-year statute of limitations.  Petitioner has not established that the untimely filing of his federal habeas petition was because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence.  Thus, petitioner is not entitled to equitable tolling.  Petitioner does not seek to invoke the actual innocence gateway to overcome the statute-of-limitations bar.  (Doc. 26, p. 11).  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing

Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 23) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 6), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Brandon Kenneth Johnson* in the Circuit Court for Santa Rosa County, Florida, Case No. 03-CF-13, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 6th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).